UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **MICHAEL BARKER**, <br> An individual, <br><br> Plaintiff <br><br> v. <br><br> **YORK COUNTY,** <br> a Municipal Corporation <br> organized and existing under the laws <br> of the State of Maine; <br> **WILLIAM KING** individually and as Sheriff <br> of York County; **MICHAEL VITIELLO**; <br> individually and as an employee of the York <br> County Sheriff's Department; **KEVIN <br> MCCORMICK;** individually and as an <br> Employee of the York County Sheriff's <br> Department; **JOHN DOE;** individually and as <br> an employee of the York County Sheriff's <br> Department <br><br> Defendants | Docket 20-CV- |

**NOW COMES** Plaintiff, Michael Barker, an individual, by and through counsel, Sarah A. Churchill, Esq., and complains against Defendants as follows:

### JURISDICTION

1. This action arises under 42 United States Code (U.S.C.) §§ 1983, 1985, and 1988; the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution; Article 1 §§ 1, 6, 6-A and 9 of the Maine Constitution;

5 M.R.S.A. § 4682 (the Maine Civil Rights Act); 15 M.R.S.A. § 704; and 14 M.R.S.A. § 8101 *et seq.* (the Maine Tort Claims Act).

2. This Honorable Court has original jurisdiction of Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1331 and 1343.

3. This Honorable Court may exercise supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367.

4. This Honorable Court wields jurisdiction over each Defendant named herein pursuant to 14 M.R.S.A. § 704-A in that each Defendant is domiciled in the State of Maine.

## VENUE

5. Venue is properly before this Court pursuant to 28 U.S.C. § 1391 and Rule 9(a) of the rules of the United States District Court for the District of Maine in that all acts complained of occurred in York Cumberland County, Maine.

## PARTIES

6. Plaintiff, Michael Barker, is a citizen of the United States and a resident of the State of Maine, residing in Portland.

7. Defendant John Doe was at all times mentioned herein a duly appointed and acting as a corrections officer at the York County Jail in York County Maine.

8. At all times herein John Doe 1 was acting in the capacity of agent, servant, and employee of York County.

9. Defendant William King was at all times referred to herein Sheriff of York County.

10. The Sheriff of York County is responsible for running the York County Jail.

11. Defendant King is responsible for the training, supervision, and conduct of Defendant officers, as more fully set forth below.

12. Defendant King is further responsible for enforcing the regulations of the York County Sheriff's Department, making and enforcing police department policies that protect the constitutional rights of citizens, and for ensuring that the correctional officers of the York County Jail obey the laws of the State of Maine and the United States of America.

13. Defendant King is further responsible for ensuring that all inmates received appropriate medical care in compliance with the laws of the State of Maine and the United States Constitution.

14. Defendant County of York is a political subdivision of the State of Maine and is a member of the Maine County Commissioners' Association Risk Pool which provides coverage for claims such as those mentioned herein.

15. The York County Jail is a correctional facility organized under the administration of the laws of York County, the State of Maine and the United States.

16. Defendant Michael Vitiello was at all times referred to herein the head administrator of the York County Jail.

17. Defendant Vitiello's supervisory responsibilities include oversight of the corrections division of the York County Jail

18. Defendant Vitiello is responsible for the training, supervision, and conduct of Defendant officers, as more fully set forth below.

19. Defendant Vitiello is further responsible for enforcing the regulations of the York County Sheriff's Department, making and enforcing jail and correctional policies that protect the constitutional rights of citizens, and for ensuring that the correctional officers of the York County Jail obey the laws of the State of Maine and the United States of America.

20. Defendant Vitiello is further responsible for ensuring that all inmates received appropriate medical care in compliance with the laws of the State of Maine and the United States Constitution.

21. Defendant Vitiello is also a policy maker for the York County Jail.

22. Defendant Kevin McCormick was at all was at all times mentioned herein a duly appointed and acting as a corrections officer at the York County Jail in York County Maine.

23. At all times herein Defendant McCormick was acting in the capacity of agent, servant, and employee of York County.

24. The conduct of defendants joining, severally, individually, and in their representative capacities, in allowing a custom and practice of inadequately treating the known mental health concerns of inmates caused grievous injury to Plaintiff and deprived her of her rights, privileges and immunities under the Constitution of the United States and the State of Maine.

25. Plaintiff sues all the defendants in their individual, as well as official capacities.

## STATEMENT OF FACTS

26. On April 17, 2014 Plaintiff was arrested and brough to the Cumberland County Jail.

27. Plaintiff was a witness in a criminal case pending in Cumberland County captioned State of Maine v. Joshua Nisbet, CR-11-4590.

28. As of April 17, 2014 Joshua Nisbet was also an inmate at the Cumberland County Jail.

29. As a result of Plaintiff's connection to Ms. Nisbet's case there were concerns that Plaintiff would not be safe from Mr. Nisbet or his known associates.

30. The decision was made to transfer Plaintiff to York County Jail for safety reasons.

31. Cumberland Country Deputy Stoll transported Mr. Barker to York County Jail and turned him over to Defendant Kevin McCormick.

32. Deputy Stoll gave a full and complete report to Defendant McCormick about the need to keep Plaintiff separate from any and all associates of Joshua Nisbet.

33. On April 28, 2014 Plaintiff was transported to the Cumberland County Superior Court and testified against Mr. Nisbet.

34. It was acknowledged in Court that Plaintiff was being housed in York County due to safety concerns.

35. Plaintiff was returned to the York County Jail on April 28, 2014.

36. Cumberland County Deputies Durgin and Stoll transported Plaintiff and again told Defendant McCormick about the safety concerns that existed.

37. On May 10, 2014 Plaintiff was placed in general population and less than two hours later was assaulted and threatened by multiple inmates for testifying against Mr. Nisbet.

38. At the time Plaintiff was placed in general population it was known that the associates of Mr. Nisbet were in the same housing unit Plaintiff was placed in.

39. Defendant John Doe made the decision to put Plaintiff in the specific pod where known associates of Mr. Nisbet were being housed.

40. As a result of the assault Plaintiff suffered physical injuries including scrapes; bruising; bumps; and the tearing of a previously repaired hernia.

41. After Plaintiff was assaulted he was held in the maximum security pod at the York County Jail.

42. This was also the pod that housed the individuals who assaulted him.

43. Plaintiff was transported to Court in Cumberland County on May 29, 2014 and was forced to ride in a vehicle with one of the individuals who assaulted him.

44. Plaintiff Cumberland County Jail in June 25, 2014 by Captain Bean from the York County Jail.

45. Captain Bean told Plaintiff that he was sorry about what happened to him and was conducting an investigation into the matter.

46. Plaintiff was never informed of the results of any investigation.

47. Defendant King is the chief policy maker for the York County Sheriff's Department.

48. Defendant King is responsible for training and supervision of Defendant McCormick and Defendant John Doe, failed in his duty to either train or supervise the Defendants as they were acting in their capacity as corrections officers.

49. Defendant Vitiello is the chief policy maker for the York County Sheriff's Department.

50. Defendant Vitiello is responsible for training and supervision of Defendant McCormick and Defendant John Doe, failed in his duty to either train or supervise the Defendants as they were acting in their capacity as corrections officers.

51. Defendant York County is also responsible for the training and supervision of the correctional officers and failed in its duty to either train or supervise the Defendants as they were acting in their capacity as corrections officers.

52. Defendant York County has a pattern and practice of failing to provide adequately train and supervise police officers as they are constitutionally required.

## COUNT I

## VIOLATION OF 42 U.S.C. § 1985

53. Plaintiff herein incorporates each and every allegation and averment contained in the paragraphs listed above as fully set forth herein.

54. Defendants acted in concert and agreed to commit acts against the Plaintiff to deny the protections guaranteed by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

55. Defendants' actions inflicted a wrong and/or injury upon Plaintiff that resulted in damages.

56. Defendants' actions showed a deliberate, malicious, reckless, or callous disregard of, or indifference to, the rights of Plaintiff.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendants, and award Plaintiff the following relief:

a. An amount of damages deemed reasonable by the trier of fact sufficient to compensate Plaintiff.

b. Punitive damages in an amount sufficient to punish and deter Defendants in the future from engaging in this form of malicious conduct.

c. An award of pre-judgment interest from the earliest date allowable by law at the highest rate allowable by law.

d. Costs and attorneys' fees to the extent allowable by law. *See* 42 U.S.C. § 1988.

e.  Such further relief as the Court deems proper and just.

## COUNT II

**VIOLATION OF 42 U.S.C. § 1983 – DEFENDANT MCCORMICK**

57. Plaintiff herein incorporates each and every allegation and averment contained in the paragraphs listed above as fully set forth herein.

58. Defendant McCormick unreasonably and/or intentionally committed acts and/or omissions while acting under color of state law that violated Plaintiff's clearly established rights to bodily integrity, to be free from perpetration of violence by a threat known to corrections officer, and his right to an action to pursue a claim for the deprivation of these rights as enumerated by the Eight and Fourteenth Amendment to the United States Constitution and Plaintiff's analogous rights under the Maine Constitution.

59. Defendant McCormick unreasonably and/or intentionally committed acts and/or omissions while acting under the color of state law that violated Plaintiff's clearly established right to due process as enumerated by the Fourteenth Amendment to the United States Constitution and Plaintiff's analogous rights under the Maine Constitution.

60. A reasonable person would have known that the acts and/or omission committed by Defendant McCormick violated Plaintiff's rights as guaranteed by the Fourteenth Amendment to the United States Constitution.

61. The unlawfulness of Defendant McCormick's acts and/or omissions was apparent at the time they were committed in light of pre-existing law.

62. Defendant McCormick's actions showed a deliberate, malicious, reckless, or callous disregard of, or indifference to, the rights of Plaintiff.

63. Defendants were aware of the risks to Plaintiff's personal safety.

64. Defendants disregarded the risks to Plaintiff's personal safety.

65. Defendants failed to take reasonable measures to protect Plaintiff's personal safety.

66. Plaintiff suffered physical harm as a result of Defendants actions.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendant, and award Plaintiff the following relief:

a. An amount of damages deemed reasonable by the trier of fact sufficient to compensate Plaintiff.

b. Punitive damages in an amount sufficient to punish and deter Defendant in the future from engaging in this form of malicious conduct.

  c. An award of pre-judgment interest from the earliest date allowable by law at the highest rate allowable by law.

  d. Costs and attorneys' fees to the extent allowable by law.  *See* 42 U.S.C. § 1988.

  e. Such further relief as the Court deems proper and just.

## COUNT III

### VIOLATION OF 42 U.S.C. § 1983 – DEFENDANT WILLIAM KING

67. Plaintiff herein incorporates each and every allegation and averment contained in the paragraphs listed above as fully set forth herein.

68. Defendant King was at all times mentioned herein responsible as Sheriff of York County for the recruitment, training, supervision, and discipline of all other Defendants.

69. The constitutional and statutory violations of Plaintiff's rights committed by all other Defendants were caused by the acts and/or omissions of Defendant King, including, but not limited to, his grossly negligent policies, customs and/or pattern of practice in recruitment, training, supervision, and discipline of all other Defendants.

70. Defendant King's acts and/or omissions amount to deliberate, reckless or callous indifference to the constitutional rights of others, including Plaintiff.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendant, and award Plaintiff the following relief:

a.  An amount of damages deemed reasonable by the trier of fact sufficient to compensate Plaintiff.

b.  Punitive damages in an amount sufficient to punish and deter Defendant in the future from engaging in this form of malicious conduct.

c.  An award of pre-judgment interest from the earliest date allowable by law at the highest rate allowable by law.

d.  Costs and attorneys' fees to the extent allowable by law.  *See* 42 U.S.C. § 1988.

e.  Such further relief as the Court deems proper and just.

## COUNT IV

## VIOLATION OF 42 U.S.C. § 1983 – DEFENDANT MICHAEL VITIELLO

71.  Plaintiff herein incorporates each and every allegation and averment contained in the paragraphs listed above as fully set forth herein.

72.  Defendant Vitiello at all times mentioned herein responsible as Sheriff of York County for the recruitment, training, supervision, and discipline of all other Defendants.

73. The constitutional and statutory violations of Plaintiff's rights committed by all other Defendants were caused by the acts and/or omissions of Defendant Vitiello, including, but not limited to, his grossly negligent policies, customs and/or pattern of practice in recruitment, training, supervision, and discipline of all other Defendants.

74. Defendant Vitiello's acts and/or omissions amount to deliberate, reckless or callous indifference to the constitutional rights of others, including Plaintiff.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendant, and award Plaintiff the following relief:

a. An amount of damages deemed reasonable by the trier of fact sufficient to compensate Plaintiff.

b. Punitive damages in an amount sufficient to punish and deter Defendant in the future from engaging in this form of malicious conduct.

c. An award of pre-judgment interest from the earliest date allowable by law at the highest rate allowable by law.

d. Costs and attorneys' fees to the extent allowable by law. *See* 42 U.S.C. § 1988.

e. Such further relief as the Court deems proper and just.

## COUNT VI

## VIOLATION OF 42 U.S.C. § 1983 – DEFENDANT YORK COUNTY

75. Plaintiff herein incorporates each and every allegation and averment contained in the paragraphs listed above as fully set forth herein.

76. The policy, customs and practices of York County and its policy makers comprise the cause of and the moving force behind the constitutional violations at issue in this complaint.

77. At all relevant times Defendant King and Defendant Vitiello were the policy makers within the York County Sheriff's Department hierarchy.

78. At all relevant times, Defendant King, Defendant Vitiello and York County acquiesced in a custom, policy, or practice that violates clearly established constitutional rights.

79. Defendant York County's policies and customs caused the deprivation of Plaintiff's clearly established constitutional and statutory rights and are tantamount to reckless, callous, or deliberate indifference to the rights of Plaintiff.

80. Defendant York County's actions showed a malicious, reckless, or callous disregard of, or indifference to, the rights of Plaintiff.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendant, and award Plaintiff the following relief:

a. An amount of damages deemed reasonable by the trier of fact sufficient to compensate Plaintiff.

b. Punitive damages in an amount sufficient to punish and deter Defendant in the future from engaging in this form of malicious conduct.

c. An award of pre-judgment interest from the earliest date allowable by law at the highest rate allowable by law.

d. Costs and attorneys' fees to the extent allowable by law. *See* 42 U.S.C. § 1988.

e. Such further relief as the Court deems proper and just.

## COUNT VII - VIOLATION OF MAINE CIVIL RIGHTS ACT 5 M.R.S.A. § 4682

81. Plaintiff herein incorporates each and every allegation and averment contained in the paragraphs listed above as fully set forth herein.

82. Defendants intentionally attempted to interfere with the exercise and enjoyment of Plaintiff's rights secured by the United States and Maine Constitutions and the laws of the United States and the State of Maine.

83. The aforementioned acts of Defendants caused Plaintiff harm.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendants, and award Plaintiff the following relief:

  a. An amount of damages deemed reasonable by the trier of facts sufficient to compensate Plaintiff.

  b. Punitive damages in an amount sufficient to punish and deter Defendants in the future from engaging in this form of malicious conduct.

  c. An award of pre-judgment interest from the earliest date allowable by law at the highest rate allowable by law.

  d. Costs and attorneys' fees to the extent allowable by law.

  e. Such further relief as the Court deems proper and just.

## COUNT VIII - CIVIL CONSPIRACY

84. Plaintiff herein incorporates each and every allegation and averment contained in the paragraphs listed above as fully set forth herein.

85. Defendants committed independently recognized torts contained herein and/or violated Plaintiff's clearly established statutory and constitutional rights.

86. Defendants acted in concert to commit aforementioned unlawful acts through unlawful means and in bad faith.

87. Defendants caused harm to Plaintiff.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendants, and award Plaintiff the following relief:

  a. An amount of damages deemed reasonable by the trier of facts sufficient to compensate Plaintiff.

  b. Punitive damages in an amount sufficient to punish and deter Defendants in the future from engaging in this form of malicious conduct.

  c. An award of pre-judgment interest from the earliest date allowable by law at the highest rate allowable by law.

  d. Costs and attorneys' fees to the extent allowable by law.

  e. Such further relief as the Court deems proper and just.

## COUNT IX – NEGLIGENCE

88. Plaintiff herein incorporates each and every allegation and averment contained in the paragraphs listed above as fully set forth herein.

89. Defendants owed a duty of care to Plaintiff.

90. Defendants breached that duty.

91. As a result of the breach Plaintiff suffered proximal injures including physical and emotional pain and suffering, loss of life, loss of earnings, and other injuries which are permanent and will continue into the future.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendants, and award Plaintiff the following relief:

    a.    An amount of damages deemed reasonable by the trier of facts sufficient to compensate Plaintiff.

    b.    Punitive damages in an amount sufficient to punish and deter Defendants in the future from engaging in this form of malicious conduct.

    c.    An award of pre-judgment interest from the earliest date allowable by law at the highest rate allowable by law.

    d.    Costs and attorneys' fees to the extent allowable by law.

    e.    Such further relief as the Court deems proper and just.

## JURY REQUEST

Plaintiff hereby requests a jury trial.

Dated at Portland, Maine this 8th day of May, 2020.

                **By:  Nichols & Churchill, PA**

                /s/ Sarah A. Churchill
                Sarah A. Churchill, Esq.
                Attorney for Plaintiff

                NICHOLS & CHURCHILL, PA
                1250 Forest Avenue
                Portland, ME 04103
                (207)879-4000
                schurchill@nicholschurchill.com